UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>v.<br><br>JOSE EDWARDO AVILA (13),<br><br>                     Defendant. | Case No.: 21-cr-02996-H-13<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>[Doc. No. 630.] |

On December 4, 2023, Defendant Jose Edwardo Avila, proceeding pro se, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821. (Doc. No. 630.) On January 30, 2024, the Court referred Defendant's pro se motion to Federal Defenders pursuant to General Order No. 755 for review and the filing of a status report. (Doc. No. 647.) On February 12, 2024, Federal Defenders filed a status report. (Doc. No. 650.) In the status report, Federal Defenders states: "After review of the relevant records in the defendant's case, [Federal Defenders] concludes the Court can decide the motion on the existing record without further assistance of counsel." (Id.) On March 4, 2024, the Government filed a response in opposition to Defendant's motion to reduce sentence. (Doc. No. 654.) For the reasons set forth below, the Court denies Defendant's motion to reduce sentence.

/ / /

**Background**

On October 21, 2021, the Government filed an indictment charging Defendant with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 1.) On November 15, 2022, the Government filed a superseding information charging Defendant with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 434.) On November 15, 2022, Defendant, pursuant to a plea agreement, pled guilty before the Magistrate Judge to the single count of conspiracy to distribute cocaine charged in the superseding information. (Doc. Nos. 436, 438.) On November 15, 2022, the Magistrate Judge issued his findings and recommendation, finding that Defendant's plea of guilty was made knowingly and voluntarily; Defendant was competent to enter a plea; and there was a factual basis for Defendant's plea, and recommending that this Court accept Defendant's guilty plea. (Doc. No. 437.) On December 6, 2022, this Court adopted the findings and recommendation of the Magistrate Judge and accepted the Defendant's guilty plea to count one of the information. (Doc. No. 457.)

On June 12, 2023, the Court held a sentencing hearing. (Doc. No. 592.) At sentencing, the Court calculated Defendant's total offense level as 19 and criminal history category as I, resulting in a guidelines range of 30 to 37 months. Further, the Court applied two downward departures pursuant to U.S.S.G. § 5K2.0, resulting in a total downward departure of 6 levels. The Court then sentenced Defendant to a custodial sentence of 12 months and 1 day followed by three years of supervised release. (Doc. Nos. 592, 593.) The Court entered a judgment on June 13, 2023. (Doc. No. 593.) By the present motion, Defendant moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1. (Doc. No. 630.)

/ / /

/ / /

/ / /

**Discussion**

I.   **Legal Standards**

"'A federal court generally "may not modify a term of imprisonment once it has been imposed."'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts must engage in a "two-step inquiry" to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). United States v. Brito, 868 F.3d 875, 879 (9th Cir. 2017) (citing Dillon, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." Id. (citing Dillon, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" Id. The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" Id. (quoting United States v. Dunn, 728 F.3d 1151, 1157 (9th Cir. 2013)).

///
///

## II. Analysis

In his motion, Defendant argues that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1. (See Doc. No. 630.)

> The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). See Amendment 821, Part B, Subpart 1. The zero-point provision provides a 2-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a). The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024.

United States v. Valenzuela, No. 114CR00188JLTSKO1, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024).

The Court begins its analysis of Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) with the eligibility prong. "Under the eligibility prong, the district court must 'determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced . . . and shall leave all other guideline application decisions unaffected.'" United States v. Brito, 868 F.3d 875, 880 (9th Cir. 2017) (quoting U.S.S.G. § 1B1.10(b)(1)).

In its response, the Government argues that Defendant's motion to reduce sentence must be denied because the sentence that the Court imposed in this case of 12 months and 1 day is lower than the low end of Defendant's amended guidelines range after giving Defendant the benefit of a 2-point offense level reduction under U.S.S.G. § 4C1.1. (Doc. No. 654 at 1-2.) The Government explains that under U.S.S.G. § 1B1.10(b)(2)(A), a district court may not reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guidelines range, except in the case of a defendant who originally received a below-guidelines sentence based on substantial assistance to the Government. (Id. at 2.) The Government is correct.

At sentencing, the Court calculated Defendant's total offense level as 19 and his criminal history category as I, resulting in a guidelines range of 30 to 37 months. Giving

Defendant the additional benefit of a 2-point offense level reduction under U.S.S.G. § 4C1.1 results in an amended guidelines range of 24 to 30 months.

The applicable Commission policy statement U.S.S.G. § 1B1.10 provides in pertinent part: "Except [in cases involving substantial assistance[1]], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined" after applying the relevant guidelines amendment. U.S.S.G. § 1B1.10(b)(2)(A); see Brito, 868 F.3d at 880, 882 ("Section 1B1.10(b)(2)(A) limits the amount by which a sentence may be reduced by specifying that the new 'term of imprisonment' may be no lower than the minimum of the new guideline range."); United States v. Hernandez-Martinez, 933 F.3d 1126, 1130 (9th Cir. 2019); United States v. Gonzalez, 119 F. Supp. 3d 1266, 1268 (S.D. Cal. 2015) ("[T]he Commission has decreed that a court may not reduce a defendant's sentence to a term less than the low end of the amended Guideline range."). Because Defendant's current sentence of 12 months and 1 day is lower than the minimum of Defendant's amended guidelines range (24 months), Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). See U.S.S.G. § 1B1.10(b)(2)(A); Brito, 868 F.3d at 880, 882; Gonzalez, 119 F. Supp. 3d at 1268–69 ("Because the low end of the amended Guidelines range is higher than [Defendant's] original sentence, he is ineligible for a sentence reduction under Amendment 782."); see also U.S.S.G. § 1B1.10 cmt n.3 (explaining "[i]f the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies"). As a result, the Court denies Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

///

---

[1] In this case, Defendant did not receive a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1. As such, U.S.S.G. § 1B1.10's exception for substantial assistance cases does not apply to Defendant.

## Conclusion

For the reasons above, the Court denies Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2). The Court orders the Clerk of Court to mail a copy of this order to Defendant at his listed address of record.

**IT IS SO ORDERED.**

DATED: March 8, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT